**Davis Polk**

Benjamin S. Kaminetzky
+1 212 450 4259
ben.kaminetzky@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

June 24, 2025

*[Handwritten note: Any response to Pltss request for a stay of discovery is due by June 26. /s/ Denise Cote 6/24/25]*

Re: *Falco v. Digital Currency Group, Inc., et al.*, No. 1:25-cv-03771-DLC

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
500 Pearl St, Courtroom 18B
New York, New York 10007

Dear Judge Cote

We represent Defendant Digital Currency Group, Inc. ("DCG") in the above-referenced action. We write on behalf of Defendants pursuant to L.R. 37.2 and Rules 2.C and 4.J of Your Honor's Individual Practices to respectfully request a pre-motion conference in advance of moving to stay all discovery pending the resolution of (i) Defendants' motions to dismiss Plaintiff's Complaint (the "Motions to Dismiss") and (ii) Defendants' forthcoming application to the U.S Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") to enjoin Plaintiff from pursuing this action until resolution of related litigation brought by nonparty Genesis Global Capital LLC ("GGC") (the "Injunction Application"). Counsel for the parties have conferred, and Plaintiff does not consent to the requested relief. Accordingly, Defendants request leave to file an immediate motion to stay discovery.

## I.     Relevant Background

Plaintiff alleges that in October 2022, he was induced to loan bitcoin then worth approximately $60 million to nonparty GGC, an indirect wholly owned subsidiary of DCG. (ECF #1 ¶¶ 6-7, 158.) Plaintiff does not allege he ever interacted with Defendants, but rather that Defendants somehow caused GGC and its employees to make allegedly false or misleading representations to its creditors generally, including Plaintiff. (*Id.* ¶ 77.) On January 19, 2023, GGC, together with its parent and affiliate (collectively, "Genesis"), filed for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the Southern District of New York. *In re: Genesis Glob. Holdco, LLC,* No. 23-10063 (SHL) (Bankr. S.D.N.Y.). Plaintiff alleges he received distributions in the bankruptcy of approximately 1,758 bitcoin but despite these assets being worth far more than the $60 million he purportedly lost, Plaintiff seeks to recover in this action what he claims to be the balance of his loan to GGC. (ECF #1 ¶¶ 5, 60.)

Under Genesis's Chapter 11 Plan, and in accordance with 11 U.S.C. § 1123(b), Genesis "retain[s], and may enforce, all rights to commence and pursue, as appropriate, any and all Causes of Action belonging to the Debtors or their Estates, including all claims against DCG and its officers. (Ex. A § I.A.208; Ex. B ¶ 40). These "Retained Causes of Action" are assets of the Genesis bankruptcy estate reserved to the debtors and, as contemplated by the plan, Genesis has already asserted these claims in litigation against Defendants. (*See* Exs. C-D.) In both Genesis's pending suits, Genesis seeks in-kind return of crypto assets and other damages on behalf of its creditors—including Plaintiff here. (Ex. C ¶¶ 366-368; Ex. D ¶ 188(d)-(e).) The factual allegations in Plaintiff's Complaint here substantially overlap with those in Genesis's two actions, and present overlapping legal questions (including when Genesis became insolvent) that raise a severe risk of inconsistent rulings. (*Compare, e.g.* ECF #1 ¶¶ 44-46, 94, 106-108, *with* Ex. C ¶¶ 154-60 *and* Ex. D ¶¶ 80-82.)

**Davis Polk**    The Honorable Denise L. Cote

Pursuant to the parties' agreed-upon and so-ordered briefing schedule (ECF #15), Defendants will file Motions to Dismiss on July 2, 2025. DCG also intends to promptly file the Injunction Application to enjoin Plaintiff from interfering with the Chapter 11 Plan and the Genesis bankruptcy estate property though his pursuit of claims that are the property of, and can only be brought by, GGC's estate.

## II.   Grounds for Defendants' Proposed Motion to Stay Discovery

Under FRCP 26(c), courts may stay discovery "for good cause" when a party has or will file "a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *New York v. Pa. Higher Educ. Assistance Agency*, 2020 WL 605944, at *1 (S.D.N.Y. Feb. 7, 2020) (cleaned up). Courts consider, "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice" to the opposing party. *Id.* These factors warrant a stay here.

**Defendants Can Make Strong Showings The Complaint Lacks Merit**. If granted, the Injunction Application (before the Bankruptcy Court) and Motions to Dismiss (before this Court) will immediately halt this litigation. Defendants can make "strong showings" in both motions. The Injunction Application will demonstrate that Plaintiff lacks standing to bring the asserted claims because, under the Chapter 11 Plan and background law, they are exclusively reserved to Genesis. *See e.g., In re Tronox, Inc.*, 855 F.3d 84, 99–100 (2d Cir. 2017) ("Derivative claims in the bankruptcy context are those that arise from harm done to the estate and that seek relief against third parties that pushed the debtor into bankruptcy," and "typically constitute property of the estate.") The Motions to Dismiss will be similarly dispositive. In addition to Plaintiff's lack of standing, which itself is a basis for dismissal, his claims fail for multiple other reasons, including that he does not plead that Defendants (as opposed to GGC) made any misstatements to him or, indeed, had any contact with him whatsoever, or that he justifiably relied on their (nonexistent) statements or alleged conduct. Further, Plaintiff does not plead any loss resulting from GGC's alleged misstatements, as he admits that GGC, pursuant to the Chapter 11 Plan, repaid him in assets worth far more than the $60 million he claims to have lost.

**A Stay Will Permit Coordination Of The Overbroad Discovery Plaintiff Has Sought**. Plaintiff seeks discovery that is overbroad and disproportionate to the "needs of the case." Fed. R. Civ. P. 26(b)(1). While this case concerns a single loan from Plaintiff to GGC in October 2022, Plaintiff has sought production of all documents and communications previously produced by Defendants in the Genesis bankruptcy and in all "cases or investigations with similar fact patterns to the facts alleged Complaint," regardless of relevance or time period. Moreover, a stay of discovery in this case would allow coordination of discovery with the overlapping discovery Genesis has sought in its parallel litigations, thereby promoting judicial economy and efficient, consistent, and non-duplicative discovery efforts across all related proceedings. *See, e.g., Griffin-Robinson v. Salov*, 2021 WL 2789267, at *1 (S.D.N.Y. June 8, 2021).

**A Temporary Stay Will Not Prejudice Plaintiff**. "A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Spencer Trask Software and Info. Servs., LLC v. RPost Intern. Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (citing *Rivera v. Heyman*, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997)). Here, moreover, to the extent that the Injunction Application and the Motions to Dismiss are unsuccessful, DCG has expressed a willingness to explore expedited "catch-up" discovery in this matter to ensure coordination with discovery efforts in the related litigations, such that Plaintiff is not disadvantaged in this regard.

**Davis Polk**   The Honorable Denise L. Cote

Respectfully submitted,

/s/ *Benjamin S. Kaminetzky*

Benjamin S. Kaminetzky

cc:   All Counsel of Record (via ECF)

**Electronic Filing**

June 24, 2025

3